ALBERT J. APPELL, EXECUTOR, AND AMANDA APPELL EVANS, EXECUTRIX OF ESTATE OF JACOB APPELL, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7041.   Promulgated March 8, 1928.

*Spottswood D. Bowers, Esq.*, and *Benjamin E. Messler, Esq.*, for the petitioners.

*J. F. Greaney, Esq.*, for the respondent.

1226

OPINION.

MORRIS: The error alleged by the petitioners is that the respondent erroneously held that the income of the trust fund, except that actually distributed to the beneficiaries during the taxable years, was taxable to the estate. The respondent contends that, with respect to the deficiency for 1917, since the beneficiaries were required only to return so much of the income as was actually distributed to them, it necessarily follows that the trustees were liable for the tax on the income not distributed, and with respect to the other years in question an examination of the will discloses that the trust created therein is one for accumulation and therefore the trustees were properly taxed on the amount of the income not actually distributed by them. He further contends that, although the trust provision for accumulation was subsequently held to be void, during the taxable years in question no part of the income in excess of that provided for in the provision of the trust was actually distributed to the beneficiaries and at no time during these years were they able to demand nor had they any right to enforce the payment to them of any part of the income in excess of that actually paid.

Section 2 (b) of the Revenue Act of 1916 reads in part as follows:

(b) Income received by estates of deceased persons during the period of administration or settlement of the estate, shall be subject to the normal and additional tax and taxed to their estates, and also such income of estates or

any kind of property held in trust, including such income accumulated in trust for the benefit of unborn or unascertained persons, or persons with contingent interests, and income held for future distribution under the terms of the will or trust shall be likewise taxed, the tax in each instance, except when the income is returned for the purpose of the tax by the beneficiary, to be assessed to the executor, administrator, or trustee, as the case may be : *Provided*, That where the income is to be distributed annually or regularly between existing heirs or legatees, or beneficiaries the rate of tax and method of computing the same shall be based in each case upon the amount of the individual share to be distributed.

Section 219 of the Revenue Act of 1918 reads in part as follows:

(a) That the tax imposed by sections 210 and 211 shall apply to the income of estates or of any kind of property held in trust, including—

(1) Income received by estates of deceased persons during the period of administration or settlement of the estate;

\*       \*       \*       \*       \*       \*       \*

(3) Income held for future distribution under the terms of the will or trust ; and

(4) Income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals, \* \* \*

\*       \*       \*       \*       \*       \*       \*

(c) In cases under paragraph (1), (2), or (3) of subdivision (a) the tax shall be imposed upon the net income of the estate or trust and shall be paid by the fiduciary, except that in determining the net income of the estate of any deceased person during the period of administration or settlement there may be deducted the amount of any income properly paid or credited to any legatee, heir or other beneficiary. In such cases the estate or trust shall, for the purpose of the normal tax, be allowed the same credits as are allowed to single persons under section 216.

(d) In cases under paragraph (4) of subdivision (a), and in the case of any income of an estate during the period of administration or settlement permitted by subdivision (c) to be deducted from the net income upon which tax is to be paid by the fiduciary, the tax shall not be paid by the fiduciary, but there shall be included in computing the net income of each beneficiary his distributive share, whether distributed or not, of the net income of the estate or trust for the taxable year. \* \* \*

The testator in his will, after providing for the payment of all his just debts and obligations, which payments were made from the personal property prior to December 31, 1916, left all the rest and residue of his estate to his executors in trust to collect the rents, etc., and, after deducting the expenses connected therewith, to pay annually out of the income a certain amount to his wife and to each of his children, to set aside in a sinking fund the balance of the income for the purpose of discharging the mortgage indebtedness upon the realty, and after the discharge thereof to divide all of the income among his wife and children, share and share alike.

The will provided that the corpus of the estate should be divided among his children, share and share alike, when his youngest child

should reach the age of 45 years, which event occurred in 1916, but the estate was not so divided. A number of actions were brought in the courts, in one of which the wife, having elected to take her dower in lieu of the provision in the will, was awarded $19,666.60 per annum in 1923, together with damages from January 1, 1916. These payments were made. In another action " in the matter of an application for compulsory accounting * * * and for an order directing the payment of the distributive share," the court handed down a decree on December 22, 1922, in which it held the provisions of the trust for the accumulation of income for the extinguishment of mortgages and for the beneficiaries were invalid, and that the beneficiaries under the will were entitled to receive the whole income from the time of the death of the testator.

The effect of the above decision, as we construe it, is that the trust was not void, but only those provisions providing for the accumulation of income. The fact that such decision was rendered after the taxable years in question does not, in the opinion of the respondent, affect the taxability of the trust during those years on the income which under the provisions of the will was to be accumulated. We can not agree with his position. In *McCaughn* v. *Girard Trust Co.* (Circuit Court of Appeals, Third Circuit, decided April 27, 1927), 19 Fed. (2) 218, the contention of the Government was that when the taxes in question were laid, the trust provisions of the will were then in force, and that the Government was entitled to levy its tax according to the then situation, and, consequently, to tax the income as accruing to the estate in gross as a trust. The court held:

We are of opinion that the taxation acts as to estates were passed by Congress with appreciation of the fact that, as a practical administrative question, estates would often be in an undetermined situation incident to subsequent litigation as to rights thereto, and the taxation liability could not in such cases be fairly determined and justly laid until such disputed questions were determined. In the light of this practical consideration, we are of opinion the taxpayer's right and liability depended on facts, and not on appearances; that such facts, though subsequently determined by judicial decree, justly referred back, in this case, for example, to the date of the testator's death, and the rights which then, as found by subsequent decree really accrued.

As finally determined in the instant case the trust was not one for the accumulation of income, or one in which the trustees were granted discretion as to the distribution, but the income was vested in the beneficiaries and they were entitled to receive the same from the date of the testator's death. That right, although subsequently determined, fixed the status of the income for the taxable years in question.

Section 219 (a) (4) of the Revenue Act of 1918 provides that the tax imposed by sections 210 and 211 shall apply to the income of

any kind of property held in trust, including income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals, and subdivision (d) of the same section provides that in cases under paragraph (4) of subdivision (a) the tax shall not be paid by the fiduciary. In our opinion the income in question for the years 1918, 1919 and 1920, falls within the above provisions and is therefore not taxable to the petitioners.

Counsel for the respondent calls our attention to the *Appeals of Wm. E. Scripps*, 1 B. T. A. 491, and *Brown and Ives, Trustees*, 2 B. T. A. 936, wherein the important consideration in our conclusions was whether the trustee had actually distributed the income or not during the taxable years involved, and argues that in the instant case, as there was no distribution of the income in question during the taxable years, the income is taxable to the petitioners. Those appeals involved trusts wherein the trustee had discretionary power of distribution. In this proceeding no such power was vested in the trustees, but as already pointed out the beneficiaries were entitled to the income of the trust from the date of the decedent's death.

The situation in regard to the undistributed income for the year 1917 necessitates separate consideration due to the difference in the wording of section 2 (b) of the 1916 Act and section 219 of the 1918 Act. Section 2 (b) provides that the income of any kind of property held in trust shall be taxed to the trustee, except when the income is returned for the purpose of the tax by the beneficiary, "*Provided*, That where the income is to be distributed annually or regularly between existing heirs or legatees, or beneficiaries the rate of tax and method of computing the same shall be based in each case upon the amount of the individual share to be distributed." Thus it will be seen that under the above section the only provision for the payment of the tax by the beneficiary is where the beneficiary has returned the income for the purpose of the tax. In all other cases the income is to be assessed to the executor, administrator, or trustee. The proviso does not designate another person against whom the tax is to be assessed, but provides that where the income is to be distributed annually or regularly between the beneficiaries the rate of tax and method of computation is to be based upon the amount of the individual share to be distributed, rather than upon the income of the trust in bulk. We are therefore of the opinion that for the year 1917 the petitioners are taxable upon all the income in question. See *McCaughn* v. *Girard Trust Co.*, *supra;* and *Wooley* v. *Malley* (D. C.), 18 Fed. (2d) 668; 6 Am. Fed. Tax Rep. 6663.

*Judgment will be entered on 10 days' notice, under Rule 50.*